IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PEDRO JUAREZ, | § § § | |
| *Plaintiff*, | § § § | 5-17-CV-00756-FB-RBF |
| vs. | § § § | |
| WELLS FARGO BANK, N.A., | § § § | |
| *Defendant*. | § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss, Dkt. No. 3, filed by Defendant Wells Fargo Bank, N.A. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) & (d) of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. Dkt. No. 6. The Court has diversity jurisdiction over this case, *see* 28 U.S.C. § 1332, and the undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 3, be **GRANTED**.

Plaintiff Pedro Juarez's promissory estoppel claim must be dismissed because, as pleaded, the claim runs afoul of the statute of frauds. His assertion, made for the first time in his response to the pending motion to dismiss, *see* Dkt. No. 4, that he raised claims for breach of contract and violation of the Texas Debt Collection Act ("TDCA") is unavailing. Those claims are not included in his live pleadings and thus cannot be used now as a basis to maintain this

action. But even assuming for argument's sake those claims were included in his live complaint, they would nonetheless be subject to dismissal as well.

The undersigned recognizes that a district court may, following dismissal of a plaintiff's claims and in the interest of justice, permit an opportunity to re-plead to correct the deficiencies addressed in an order of dismissal. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Here, given the nature of the allegations and arguments advanced by the plaintiff, the undersigned is of the view that any such opportunity to re-plead would be an exercise in futility. The decision on re-pleading, of course, ultimately rests with the District Court.

I.  **Factual and Procedural Background**

Pedro Juarez initiated this action on July 31, 2017, in the 150th Judicial District Court in Bexar County, Texas. He did so to prevent foreclosure on his property on West Magnolia Avenue in San Antonio, Texas, which was scheduled to occur the next day, on August 1, 2017. Dkt. No. 1-1, at 6-11 (Pl.'s Orig. Pet.). Juarez's Original Petition in state court asserts a single claim for promissory estoppel. *Id.* ¶ 11. In it Juarez admits he "has fallen behind on his mortgage payments" but alleges that Wells Fargo promised to review his application for a home-loan modification prior to proceeding with foreclosure. *Id.* ¶¶ 9, 11. Despite this alleged promise, Juarez alleges, Wells Fargo posted the property for foreclosure without reviewing Juarez's loan-modification application. *Id.* Juarez alleges he relied on this promise to his detriment, and he seeks to compel Wells Fargo to specifically perform its alleged promise. His state court petition also seeks temporary injunctive relief to preserve the status quo during the pendency of the action. *Id.* ¶¶ 11-14.

The same day that he initiated this action Juarez also obtained a temporary restraining order in state court, which prohibited Wells Fargo from foreclosing for 14 days. *See* Dkt. No. 1-1 at 4. Wells Fargo removed the action to federal court on August 10, 2017, on the basis of diversity jurisdiction. Dkt. No. 1. On August 15, 2017, Wells Fargo filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 3.

## II. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). A court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

The court's review of a motion to dismiss is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are "central

to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The district court may also take judicial notice of matters of public record. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007). In this case, Wells Fargo attached Juarez's Deed of Trust to its Motion to Dismiss. *See* Ex. A to Mot. This document is central to Juarez's claims in that it provided the authority for Wells Fargo to foreclose. Moreover, the Deed of Trust has been recorded and is a matter of public record. Accordingly, the Court will consider the Deed of Trust in deciding Wells Fargo's motion to dismiss.

### III. Analysis

Dismissal of this action is appropriate. Juarez's claim for promissory estoppel, although not moot as Wells Fargo contends, is barred by the statute of frauds. Juarez's "claims" for breach of contract and for violation of the TDCA, which he asserts for the first time in his Response, are noticeably absent from Juarez's live pleadings. Moreover, an analysis of these purported claims reveals that, in the course of advancing them in his Response, Juarez does not allege any facts from which the Court could find a plausible claim for breach of contract or violation of the TDCA. Permitting Juarez an opportunity to amend his pleadings to include these claims, in other words, would be futile.

*Mootness*. As a threshold matter, the Court must first address Wells Fargo's contention that this action is moot because the foreclosure sale did not occur as originally scheduled. *See Matter of Commonwealth Oil Ref. Co., Inc.*, 805 F.2d 1175, 1180 (5th Cir. 1986) ("Since the mootness question strike[s] at the very heart of federal subject matter jurisdiction, decision of that question cannot be avoided.") (quotation marks omitted). Based on the briefing of the parties and the record, it appears Wells Fargo did not re-post the property for foreclosure once Juarez

obtained his temporary restraining order in state court. Although Wells Fargo's decision to stay foreclosure until this dispute is resolved moots Juarez's request for temporary injunctive relief, it does not moot the entire controversy between the parties.

A live controversy is presented by Juarez's request for specific enforcement of Wells Fargo's alleged promise to review his loan application prior to proceeding with foreclosure. Wells Fargo has not agreed to the relief requested, and Juarez still has an interest in this litigation. Accordingly, this dispute is not moot. *See, e.g., Envtl. Conservation Org. v. City of Dallas,* 529 F.3d 519, 527 (5th Cir. 2008) (recognizing that "[a] case should not be declared moot as long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)) (quotation marks omitted).

*Promissory Estoppel*. Juarez's promissory estoppel claim is barred by the statute of frauds, as Wells Fargo contends. In Texas, which provides the applicable substantive law in this diversity action, a "loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. Com. Code § 26.02(b). Where a contract falls within the ambit of the statute of frauds, then "any subsequent oral material modification to the contract" is generally unenforceable. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.). An agreement to modify a loan or delay foreclosure—precisely the type of agreement that Juarez alleges underlies his promissory estoppel claim—is subject to the statute of frauds. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-57 (5th Cir. 2013); *Milton v. U.S. Bank Nat'l Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. Jan. 18, 2013). Although promissory estoppel can sometimes provide a

"narrow exception to the statute of frauds," *Hurd v. BAC Home Loans Servicing, L.P*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012), to fall within such an exception "there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds," *Martins*, 722 F.3d at 256-57.

Pursuant to the Deed of Trust, the loan amount on the property here is for $92,000. *See* Ex. A to Mot. Accordingly, the statute of frauds applies to an agreement to modify the loan or delay foreclosure of the property. *See* Tex. Bus. Com. Code § 26.02(b). Juarez's claim for promissory estoppel is premised on Wells Fargo's alleged agreement to delay foreclosure until Juarez's application for loan modification had been processed. But Juarez has not alleged that Wells Fargo memorialized this alleged promise in a written agreement or that Wells Fargo promised to sign an existing written agreement that would satisfy the statute of frauds. Accordingly, Juarez has failed to state a plausible promissory estoppel claim that could avoid Wells Fargo's statute of frauds defense.[1]

Notably, Juarez does not request an opportunity to correct this pleading deficiency. He in fact does not address his claim for promissory estoppel in his Response. Accordingly, it appears that Juarez concedes the validity of Wells Fargo's arguments and has abandoned his promissory estoppel claim. *See, e.g., Gann v. Fruehauf Corp.*, 52 F.3d 1320, 1328 (5th Cir. 1995)

---

[1] *See, e.g., Martins*, 722 F.3d at 256-57 (plaintiff's promissory estoppel claim barred by the statute of frauds where plaintiff alleged defendant orally promised not to foreclose if plaintiff submitted a Home Affordable Modification Program application, which he did, but plaintiff failed to allege a promise by defendant to sign an agreement validating the oral agreement); *Milton*, 508 Fed. App'x at 329 (noting that "[p]laintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing"); *Avila v. Compass Bank*, No. SA-5:14-CV-686, 2014 WL 4999440, at *2 (W.D. Tex. Oct. 7, 2014) (granting defendants' motion to dismiss plaintiffs' promissory estoppel claim where plaintiffs failed to allege that any of defendants' alleged promises regarding loan modification or postponement of a foreclosure sale were in writing or that defendants promised to sign a written modification that would comply with the statute of frauds).

(recognizing that a party's failure to advance arguments in a brief results in forfeiture or abandonment of those arguments). Dismissal of this claim is therefore appropriate.

Finally, because Juarez's claim for promissory estoppel is barred by the statute of frauds, the Court need not address the other reasons raised by Wells Fargo in its motion to dismiss which might also justify dismissal.

*Breach of contract*. Even assuming for argument's sake that Juarez advances a claim for breach of contract in his live pleadings—he does not—the Response's arguments about such a claim do not describe or allege any facts that would support a plausible breach-of-contract claim. According to Juarez, Wells Fargo breached the promissory note and deed of trust by not allowing Juarez all opportunities to cure the default, including providing "full consideration" of Juarez's application for home-loan modification pursuant to the Home Affordable Modification Program (HAMP) before initiating the foreclosure process.

As a preliminary matter, Juarez would have great difficulty in prevailing on a breach-of-contract claim because he expressly admits to defaulting on his mortgage, and any such default would have pre-dated the alleged contract he later entered into concerning the mortgage. *See* Compl. ¶ 9. Having failed to perform his obligations pursuant to the Promissory Note and Deed of Trust, it is difficult (perhaps even impossible) to see how Juarez could ever prevail on a breach of contract claim of the type he describes. *See Vera v. Bank of Am., N.A.*, 569 Fed. App'x 349, 352 (5th Cir. Jun. 3, 2014) (applying Texas law and holding that a borrower could not maintain a breach of contract claim against its lender after defaulting on its monthly mortgage payments without excuse).

Even if Juarez had alleged that he performed his contractual duty to make regular mortgage payments or otherwise was somehow excused for defaulting, Juarez has failed to point

7

to any provision in the Deed of Trust or Promissory Note that required Wells Fargo to consider Juarez's application for loan modification prior to initiating the foreclosure process. Instead, Juarez argues generally that the Promissory Note required Wells Fargo to provide Juarez with all opportunities to cure default, which would allegedly include considering a homeowner's request for loan-modification pursuant to HAMP. Even if the Note included such language as Juarez suggests, "loan modification does not cure default but rather is an alternative to foreclosure in the event of default." *See Davis v. DRRF Tr. 2015-1*, No 5:15-CV-880 RP, 2016 WL 8257126, at *2 (W.D. Tex. Jan. 6, 2016). To be clear, Juarez does not describe an alleged agreement with Wells Fargo in which Wells Fargo agreed to abandon any and all right to foreclose in favor of a modification.

Juarez also does not cite any authority to support his position that Wells Fargo's alleged failure to abide by HAMP's guidelines provides him with an independent cause of action for breach of contract. Instead, Juarez cites the Making Home Affordable Program Handbook for Servicers of Non-GSE Mortgages for the proposition that HAMP imposed an obligation on lenders not to foreclose before borrowers received a decision on their HAMP application. *See* Resp. at 4. But district courts in the Fifth Circuit have uniformly rejected the argument that HAMP contractually obligates a mortgagee to consider a plaintiff's application for loan modification, especially in the absence of language in the loan documents expressly incorporating HAMP. *See, e.g., Caldera v. Bank of New York Mellon,* No. SA-17-CV-00116-XR, 2017 WL 972154, at *3 (W.D. Tex. Mar. 10, 2017) ("Because Plaintiff has no private right of action directly through . . . HAMP, the only way he might state a claim [for breach of contract] would be if the loan documents expressly incorporate the regulations."); *Martinez v. Am.'s Servicing Co.*, No. CV H-12-2606, 2013 WL 12140499, at *4 (S.D. Tex. Aug. 21, 2013)

8

(holding that because there is no private right of action under HAMP, plaintiff's breach of contract claim based on defendant's alleged failure to fairly and objectively review plaintiff's application for loan modification pursuant to HAMP must be dismissed). The Deed of Trust does not expressly incorporate HAMP, and nothing within Juarez's pleadings or even his briefing suggests that the Promissory Note contains such a provision. Accordingly, Juarez's breach of contract claim, even if it had been properly raised, should be dismissed.

*Texas Debt Collection Act*. Even assuming, again for argument's sake, that Juarez pled a claim for violation of the TDCA, Juarez does not allege any facts that could support a plausible violation of the Act. Juarez summarily alleges in his Response that Wells Fargo violated the TDCA because it "unlawfully took steps [to] collect on the debt while Juarez was being considered for a home loan modification." Resp. at 1. Under the TDCA, debt collectors are prohibited from using threats, coercion, or other wrongful practices in the collection of consumer debts, including threatening to take an action "prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8). "However, the TDCA does not prevent a debt collector from 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'" *Velazquez v. Wells Fargo Bank, N.A.*, No. SA13CA885FBHJB, 2014 WL 12594195, at *5 (W.D. Tex. Feb. 25, 2014) (quoting Tex. Fin. Code § 392.301(b)(3)). Therefore, foreclosure is not an act "prohibited by law," where the defendant bank has a contractual right to foreclose and the plaintiff was in default, as here. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015).

District courts in this circuit have also held that threats of foreclosure allegedly in violation of HAMP guidelines are not actionable under the TDCA. *See, e.g.*, *Kreway v. Countrywide Bank*, No. SA15CA332OLGHJB, 2015 WL 11622495, at *5 (W.D. Tex. Jul. 21,

2015), *report and recommendation adopted sub nom.*, 2015 WL 11622496 (W.D. Tex. Aug. 7, 2015), *aff'd sub nom.*, 647 Fed. App'x 437 (5th Cir. 2016) ("[T]he law is clear that a TDCPA claim cannot be based on alleged HAMP violations . . . ."); *Brinson v. Universal Am. Mortg. Co.,* Civil Action No. G–13–0463, 2014 WL 4354451, * 8 (S.D. Tex. Sept. 2, 2014) ("[V]iolations of HAMP guidelines cannot form the basis of a TDCPA claim . . ."). Accordingly, Juarez's TDCA claim, even if it had been properly raised, must also be dismissed.

## IV. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss, Dkt. No. 3, be **GRANTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case were referred, **IT IS ORDERED THAT** the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to

the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); Acuña v. Brown & Root, Inc., 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 12th day of February, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE